UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENTAIR WATER POOL AND SPA INC., <br><br>    Plaintiff(s),<br><br>  v.<br><br>FIBERSTARS INC.,<br><br>    Defendant(s). | No. C 05-1391 WHA (BZ)<br><br>**SETTLEMENT CONFERENCE ORDER - PATENT CASE** |

The above matter was referred to me for settlement purposes.

On August 3, 2005, I conducted a telephonic hearing at which both sides were represented by counsel. With the consent of the parties and good cause appearing, **IT IS HEREBY ORDERED** that no later than **August 25, 2005,** Scott Lewis, President of plaintiff, and Robert Conners, CFO of defendant, shall meet in person, preferably outside the presence of counsel, to discuss a resolution of this dispute. They shall meet in **Los Angeles, California** or in any other place to which they both agree. The

principals are urged to explore a creative, business resolution of their dispute.  If the case settles, the parties are to notify the Court immediately.

Each party shall provide the other informally, expeditiously and pursuant to Federal Rule of Evidence 408 with all information reasonably needed to further the progress of the settlement negotiations.  Confidential information may be provided subject to a protective order.

If there is no settlement, it is **ORDERED** that a telephonic conference is scheduled for **September 1, 2005 at 4:00 p.m.,** to discuss the status of the negotiations.  Counsel for plaintiff shall get counsel for defendant on the line and call chambers at 522-4093.  The principals need not participate.

It is further **ORDERED** that on **September 1, 2005** a Settlement Conference will be scheduled, to occur in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.  Counsel who will try the case shall appear at the Settlement Conference with the party principals who met earlier.  The negotiations will be principally among the party principals in my presence.

Each party shall prepare a Settlement Conference Statement, which must be served on opposing counsel and lodged (not faxed) with my chambers no later than seven calendar days prior to the conference.  The Statement shall **not** be filed with the Clerk of the Court.  The Statement **may** be submitted on CD-ROM with hypertext links to exhibits.  Otherwise, the portion of exhibits on which the party relies **shall** be highlighted. The Settlement Conference Statement shall not exceed ten pages

of text and twenty pages of exhibits and shall include the following:

    1.    A brief statement of the facts of the case.

    2.    A brief statement of the claims and defenses including, but not limited to, statutory or other grounds upon which the claims are founded.

    3.    A summary of any related litigation.

    4.    A summary of the proceedings to date and any pending motions.

    5.    An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    6.    The relief sought, including an itemization of damages.

    7.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions.  The Court's time can best be used to assist the parties in completing their negotiations, not in starting them. So there is no confusion about the parties' settlement position, plaintiff must serve a demand in writing no later than fourteen days before the conference and defendant must respond in writing no later than eight days before the conference.  The parties are urged to carefully evaluate their case before taking a settlement position since extreme positions hinder the settlement process.

    Along with the Statement each party shall lodge with the court a document of no more than three pages containing a **candid** evaluation of the parties' likelihood of prevailing on the claims and defenses, and any other information that party

1  wishes not to share with opposing counsel.  The more candid the
2  parties are, the more productive the conference will be.  This
3  document shall not be served on opposing counsel.
4       It is not unusual for conferences to last three or more
5  hours.  Parties are encouraged to participate and frankly
6  discuss their case.  Statements they make during the conference
7  will not be admissible at trial in the event the case does not
8  settle.  The parties should be prepared to discuss such issues
9  as:
10      1. Their settlement objectives.
11      2. Any impediments to settlement they perceive.
12      3. Whether they have enough information to discuss
13 settlement.  If not, what additional information is needed.
14      4. The possibility of a creative resolution of the
15 dispute.
16      The parties shall notify chambers immediately if this case
17 settles prior to the date set for settlement conference.
18 Counsel shall provide a copy of this order to each party who
19 will participate in the conference.
20 Dated: August 11, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

g:\bzall\-refs\refs.05\pentair set4 conf.order